UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

FRED JAHNKE and PETER LINDAHL,
as Trustees of the IBEW Local No. 292
Health Care Plan, Trustees of the
Electrical Workers Local No. 292 Annuity
& 401(k) Fund, and as Trustees of the
Minneapolis Electrical Industry
Board/JATC/LMCC, and each of their
successors,

        Plaintiffs,

v.

MAXIMUM TECHNOLOGIES
INCORPORATED,

        Defendant.

Case No. 15-CV-0461 (PJS/SER)

ORDER

---

This matter came before the undersigned on May 11, 2015. Amanda R. Cefalu,

Esq., of Anderson, Helgen, Davis & Cefalu, P.A. appeared for and on behalf of

Plaintiffs. There was no appearance on behalf of Defendant.

**FINDINGS OF FACT**

1.     The Summons and Complaint were filed with the Court on

February 6, 2015 and served on Defendant on February 10, 2015.

2.     Defendant has failed to file and serve a response or Answer to the

Complaint. The Application for Entry of Default and Affidavit of Amanda R. Cefalu in

-1-

support of the Application for Entry of Default were filed with the Court on

March 10, 2015.  The Clerk's Entry of Default was entered on March 11, 2015.

3.      Plaintiffs are trustees and fiduciaries of the above-referenced funds

("Funds").  The Funds are part of a multi-employer jointly-trusteed fringe benefit plan

created and maintained pursuant to § 302(c)(5) of the Labor Management Relations Act

of 1947 ("LMRA"), as amended.  29 U.S.C. § 186(c)(5).  The Funds are administered in

accordance with the provisions of the Employee Retirement Income Security Act of 1974

("ERISA"), as amended.  29 U.S.C. § 1001, et seq.  Plaintiffs Fred Jahnke and Peter

Lindahl, and any subsequently appointed successor, are Trustees of the respective

Funds and fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21).  All contributions must

be made and all reports must be submitted to IBEW Local 292 Benefit Office, 6900

Wedgwood Road, Suite 425, Maple Grove, MN 55311, as the administrative agent

designated by the Trustees.

4.      Defendant, through its execution of a Letter of Assent, agreed to be bound

to the terms of a Collective Bargaining Agreement (hereinafter "Limited Energy

Agreement") between the Minneapolis Chapter, National Electrical Contractors

Association, and the International Brotherhood of Electrical Workers, Local Union

Number 292, A.F.L. – C.I.O.  The Limited Energy Agreement requires employers to

make fringe benefit contributions to the Funds in accordance with its terms.  These

contributions must be made on behalf of all employees covered by the Limited Energy

Agreement, in amounts set forth and agreed upon therein, for the purpose of funding

employee benefits.  The employer, such as Defendant, is required to complete a report

form with the information as required by the Trustees, identifying each of its employees

performing covered service during the month and each covered hour worked by that

employee during the month.   The report is required to be submitted with the payment

for the amounts due not later than the 15th day of the following month.

5.      The Limited Energy Agreement also requires employers, such as

Defendant, to make available their employment and payroll records for examination

and audit by the Trustees of the Funds or their authorized agents whenever such

examination is deemed, by the Trustees, to be necessary to the proper administration of

the Funds and to ascertain whether the employer has properly complied with its fringe

benefit contribution obligations.

6.      Plaintiffs have repeatedly requested that Defendant produce a complete

set of all employment and payroll records for audit for the period of January 1, 2010

through December 31, 2014 for the purposes of auditing the records to determine

Defendant's compliance with the terms of the Limited Energy Agreement.

7.      Defendant has failed and refused to produce the records for audit.

## CONCLUSIONS OF LAW

1.     Defendant is in default, and Plaintiffs are entitled to entry of a default judgment.

2.     Defendant is required to produce an accurate set of the records requested by Plaintiffs to allow Plaintiffs to complete an audit of their records for the period of January 1, 2010 through December 31, 2014.

## ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, and for the reasons stated on the record at the May 11, 2015 hearing, **IT IS HEREBY ORDERED**:

1.     That Plaintiffs' Motion for Entry of Default Judgment [ECF No. 11] is granted.

2.     That Defendant shall produce for inspection and audit a complete set of the following records for the period of January 1, 2010 through December 31, 2014:

a.     All payroll registers or journals;

b.     All time cards;

c.     All Internal Revenue 941 quarterly reports;

d.　　All Internal Revenue W-2 and W-3 forms (to the extent such forms are issued by the employer prior to the audit being completed);

e.　　All payments to any individual for labor or services, regardless of whether the Defendant classifies such individual as an employee or as a subcontractor;

f.　　All business checking account registers or journals;

g.　　All checking account bank statements including copies of all checks issued from the accounts;

h.　　All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms; and

i.　　All records identifying the type of work performed by each employee or other individual who has performed services for the Defendant.

3.　　Defendant is further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of Plaintiffs.

4.　　Production and inspection shall occur within ten (10) days of entry of this Order at the physical premises of the administrative agent, IBEW Local

292 Benefit Office, 6900 Wedgwood Road, Suite 425, Maple Grove, MN 55311.

5.      There being no just reason for delay, the Court orders entry of judgment on the foregoing pursuant to Fed. R. Civ. P. 54(b).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: May 13, 2015                    BY THE COURT:

                                        s/Patrick J. Schiltz
                                       Patrick J. Schiltz
                                       United States District Judge